UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| SHAHIDAH ADAMS | § | |
| | § | |
| v. | § | CIVIL NO. 4:21-CV-069-SDJ |
| | § | |
| EXPERIAN INFORMATION | § | |
| SERVICES, INC., ET AL. | § | |

**MEMORANDUM ADOPTING IN PART AND MODIFYING IN PART THE REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the Report and Recommendation of the United States Magistrate Judge in this action ("Report"), this matter having been referred to the Magistrate Judge per 28 U.S.C. § 636, (Dkt. #12). On July 21, 2021, the Magistrate Judge entered proposed findings of fact and recommendations contained in the Report, (Dkt. #29), recommending that the Court grant Plaintiff's Motion to Transfer Venue to the Southern Division of the Central District of California, (Dkt. #16).

Having received the Report, and no timely objections being filed, the Court determines that the findings and conclusions contained in the Report should be **ADOPTED in part** and **MODIFIED in part**.

1

# I. BACKGROUND

Plaintiff Shahidah Adams brought suit in the Eastern District of Texas against Defendant Experian Information Services, Inc. ("Experian") for alleged violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681.[1] (Dkt. #1).

Pending before the Court is Adams's Motion to Transfer Venue to the Southern Division of the Central District of California. (Dkt. #16). Experian initially opposed Adams's motion, (Dkt. #18), but later moved to withdraw its opposition, (Dkt. #24), which the Magistrate Judge granted, (Dkt. #25). In withdrawing its opposition, Experian requested that Adams's motion to transfer be considered unopposed. (Dkt. #24). While the Magistrate Judge deemed the motion "agreed," (Dkt. #29 at 2), the record indicates only that the motion is *unopposed*—but not *agreed*. With the understanding that Adams's motion to transfer is unopposed, the Court assumes there is no dispute between the parties as to the facts or arguments asserted in the motion.

# II. LEGAL STANDARD

As the Report correctly explained, Section 1404(a) permits the transfer of civil actions for the convenience of the parties and witnesses and in the interest of justice to other districts or divisions where the plaintiff could have properly brought the action. 28 U.S.C. § 1404(a). District courts have broad discretion in deciding whether

---

[1] Adams also brought suit against Defendant Verizon Communications, Inc. ("Verizon") in this case. On March 19, 2021, Verizon filed an Agreed Motion to Arbitrate and Stay Action, (Dkt. #7), which the Court granted, (Dkt. #9). On July 5, 2021, Adams filed a Stipulation of Dismissal Without Prejudice as to the claims against Verizon, (Dkt. #26), and Adams's claims against Verizon were dismissed without prejudice, (Dkt. #27). Only Adams's claims against Experian remain.

to transfer a case under Section 1404(a), *In re Volkswagen of Am., Inc.* (*Volkswagen II*), 545 F.3d 304, 311 (5th Cir. 2008) (en banc), and Section 1404(a) motions are adjudicated on an "individualized, case-by-case consideration of convenience and fairness." *TravelPass Grp. v. Caesars Ent. Corp.*, No. 5:18-CV-153, 2019 WL 3806056, at *11 (E.D. Tex. May 9, 2019) (quoting *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988)), *report and recommendation adopted*, 2019 WL 4071784 (E.D. Tex. Aug. 29, 2019).

The party seeking a transfer under Section 1404(a) must show good cause. *Volkswagen II*, 545 F.3d at 315 (citing *Humble Oil & Refin. Co. v. Bell Marine Serv., Inc.*, 321 F.2d 53, 56 (5th Cir. 1963)). In this context, showing good cause requires the moving party to "clearly demonstrate that a transfer is for the convenience of parties and witnesses [and] in the interest of justice." *Id.* (cleaned up) (quoting 28 U.S.C. § 1404(a)). When the movant fails to demonstrate that the proposed transferee venue is "clearly more convenient" than the plaintiff's chosen venue, "the plaintiff's choice should be respected." *Id.* Conversely, when the movant demonstrates that the proposed transferee venue is clearly more convenient, the movant has shown good cause, and the court should transfer the case. *Id.* The "clearly more convenient" standard is not equal to a clear-and-convincing-evidence standard, but it is nevertheless "materially more than a mere preponderance of convenience." *Quest NetTech Corp. v. Apple, Inc.*, No. 2:19-CV-00118, 2019 WL 6344267, at *7 (E.D. Tex. Nov. 27, 2019).

To determine whether a Section 1404(a) movant has demonstrated that the proposed transferee venue is "clearly more convenient," the Fifth Circuit employs the four private-interest and four public-interest factors first enunciated in *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947). *See Volkswagen II*, 545 F.3d at 315. The private-interest factors are: "(1) the relative ease of access to sources of proof; (2) the availability of compulsory process to secure the attendance of witnesses; (3) the cost of attendance for willing witnesses; and (4) all other practical problems that make trial of a case easy, expeditious and inexpensive." *Id.* (citation omitted). The public-interest factors are: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law." *Id.* (alteration in original) (citation omitted).

Although these factors "are appropriate for most transfer cases, they are not necessarily exhaustive or exclusive," and no single factor is dispositive. *Id.* (citation omitted). Courts are not to merely tally the factors on each side. *In re Radmax, Ltd.*, 720 F.3d 285, 290 n.8 (5th Cir. 2013). Instead, courts "must make factual determinations to ascertain the degree of actual convenience, if any, and whether such rises to the level of 'clearly more convenient.'" *Quest NetTech*, 2019 WL 6344267, at *7 (citing *In re Radmax*, 720 F.3d at 290 (holding that, where five factors were neutral, two weighed in favor of transfer, and one weighed "solidly" in favor of transfer, the movant had met its burden)); *see also In re Radmax*, 720 F.3d at 290

4

(holding that courts abuse their discretion when they deny transfer solely because the plaintiff's choice of forum weighs in favor of denying transfer).

## III. DISCUSSION

The Magistrate Judge concluded, and the Court agrees, that the threshold matter of whether Adams could have originally filed this suit in the Southern Division of the Central District of California is met. Additionally, the Magistrate Judge concluded, and the Court agrees, that the first and fourth private-interest factors—relative ease of access to sources of proof and other practical problems that make trial of a case easy, expeditious and inexpensive—weigh in favor of transfer. The Magistrate Judge also concluded, and the Court again agrees, that the fourth public-interest factor—the avoidance of unnecessary problems of conflict of laws—is neutral. The Magistrate Judge's Report is adopted as to the above-listed findings. The Court writes separately to clarify and modify the analysis and conclusions regarding the remaining 1404(a) factors.

### A. Private-Interest Factor Two: Availability of Compulsory Process to Secure Attendance of Unwilling Witnesses

The Court agrees with the Magistrate Judge that private-interest factor two, the availability of the compulsory process to secure the attendance of unwilling witnesses, weighs in favor of transfer. However, this factor weighs in favor of transfer only slightly. The Court writes separately to provide the following clarifications and modifications.

Federal Rule of Civil Procedure 45 allows courts to subpoena a nonparty witness to ensure attendance at trial "within 100 miles of where the person resides,

5

is employed, or regularly transacts business in person." FED. R. CIV. P. 45(c)(1). As for party witnesses, a court may issue subpoenas "within the state where the person resides, is employed or regularly transacts business in person." *Id*. When applying private-interest factor two, courts are instructed to consider the availability of this compulsory process to secure the attendance of witnesses—especially nonparty witnesses—in making convenience-transfer determinations. *Seven Networks, LLC v. Google LLC*, No. 2:17-CV-00442, 2018 WL 4026760, at *7 (E.D. Tex. Aug. 15, 2018) (citing *Volkswagen II*, 545 F.3d at 316).

Only witnesses who are likely to have "relevant and material information" as to the instant litigation count towards this factor. *See In re Genentech, Inc.*, 566 F.3d 1338, 1343 (Fed. Cir. 2009). And, significantly, only witnesses who are likely unwilling to attend trial are considered under this factor. *CloudofChange, LLC v. NCR Corp.*, No. 6:19-CV-00513, 2020 WL 6439178, at *4 (W.D. Tex. Mar. 17, 2020) (citing *Duha v. Agrium, Inc.*, 448 F.3d 867, 877 (6th Cir. 2006)). While identifying a pool of likely unwilling witnesses has some probative value in determining convenience, greater specificity as to the identity of unwilling witnesses yields greater probative value. *Seven Networks*, 2018 WL 4026760, at *7, 8. Finally, transfer is favored when "more third-party witnesses reside within the transferee venue" than within the chosen forum. *Optimum Power Sols. LLC v. Apple, Inc.*, 794 F.Supp.2d 696, 701 (E.D. Tex. 2011) (citing *Volkswagen II*, 545 F.3d at 316).

Here, Adams asserts, and the Report highlights, that Experian's North American headquarters is in Costa Mesa, California—within the proposed transferee

6

district—and that many witnesses, "such as corporate officers and/or representatives with knowledge of Experian's corporate practices" are located in that district. (Dkt. #16 at 6–7; Dkt. #29 at 6). Adams also intends to depose "a 30(b)(6) witness plus several 30(b)(1) witnesses from Experian" who are "likely" to be located in the Central District of California. (Dkt. #16 at 7).

Given Experian's withdrawal of its opposition to the motion to transfer, the Court assumes it is no longer disputed that the relevant Experian witnesses are located in the proposed transferee district. Even so, Adams fails to make several allegations relevant to this factor. Adams makes no contention about nonparty witnesses, for whom this factor is most relevant. Adams also fails to provide specificity as to the identities of the proposed witnesses. Most importantly with respect to the availability of compulsory process, Adams fails to allege that any of the proposed witnesses are likely to be unwilling to attend trial—and the Report does not mention the need for Adams to allege such facts. Adams merely alleges that several unspecified *party* witnesses are *likely* located in the proposed transferee district, and Experian no longer disputes that allegation. Accordingly, this factor weighs only slightly in favor of transfer.

**B. Private-Interest Factor Three: Cost of Attendance for Willing Witnesses**

The Court agrees with the Magistrate Judge that private-interest factor three, cost of attendance for willing witnesses, weighs in favor of transfer. But again, this factor weighs in favor of transfer only slightly. The Court writes separately to provide the following clarifications and modifications.

Private-interest factor three—concerning the convenience of witnesses—"is probably the single most important factor in transfer analysis." *In re Genentech*, 566 F.3d at 1343 (quoting *Neil Bros. v. World Wide Lines, Inc.*, 425 F.Supp.2d 325, 329 (E.D.N.Y. 2006)); *accord In re Apple Inc.*, 979 F.3d 1332, 1341 (Fed. Cir. 2020). It is obviously more convenient for witnesses to testify closer to home, and additional distance means additional travel, meal, and lodging costs, as well as additional time away from the witnesses' regular employment. *Volkswagen II*, 545 F.3d at 317. "When the distance between an existing venue for trial of a matter and a proposed venue under § 1404(a) is more than 100 miles, the factor of inconvenience to witnesses increases in direct relationship to the additional distance to be traveled." *Id.* (citation omitted); *accord Techradium Inc. v. Athoc, Inc.*, No. 2:09-CV-275, 2010 WL 1752535, at *2 (E.D. Tex. Apr. 29, 2010) (citing *In re Volkswagen AG* (*Volkswagen I*), 371 F.3d 201, 204–05 (5th Cir. 2004)). Significantly, this factor relates primarily to the inconvenience placed on willing nonparty witnesses, not party witnesses. *See, e.g.*, *Seven Networks*, 2018 WL 4026760, at *9 (collecting cases); *Frederick v. Advanced Fin. Sols., Inc.*, 558 F.Supp.2d 699, 704 (E.D. Tex. 2007) ("[T]he availability and convenience of party-witnesses is generally insignificant because a transfer based on this factor would only shift the inconvenience from movant to nonmovant.").

Adams argues, and the Report emphasizes, that "the majority of witnesses from Experian can likely drive to trial in the Southern Division of the Central District of California and avoid hotel costs" and that "Plaintiff will incur similar travel costs for trial whether the case is brough [sic] in Texas or California and is willing to fly to

8

California for trial." (Dkt. #16 at 7; Dkt. #29 at 7). However, as explained above, "[t]he availability and convenience of *party*-witnesses is generally insignificant" in analyzing private-interest factor three; courts are instead instructed to focus on the availability of and convenience to *nonparty* witnesses. *Frederick*, 558 F.Supp.2d at 704 (emphasis added) (quoting *Quicksilver, Inc. v. Academy Corp.*, No. 3:98–CV–1772R, 1998 WL 874929, at *2 (N.D. Tex. Dec. 3, 1998)). Again, while Adams asserts and Experian does not disagree that the proposed transferee district is more convenient for *party* witnesses, neither Adams nor Experian make any contention about the cost or convenience to *nonparty* witnesses with respect to either district. And again, the parties have not specified whether the relevant witnesses are willing or unwilling to attend trial. The Report does not mention these omissions.

The availability and convenience of party witnesses is generally insignificant because a transfer based on private-interest factor three would merely shift the inconvenience from the movant to the nonmovant. *Frederick*, 558 F.Supp.2d 704. Here, however, the convenience is shifted to Experian, the nonmovant, and either venue is equally convenient for Adams, the movant. Accordingly, this factor weighs only slightly in favor of transfer.

**C. Public-Interest Factor One: Court Congestion**

The Court agrees with the Magistrate Judge that public-interest factor one, court congestion, weighs in favor of transfer. However, this factor also weighs in favor of transfer only slightly. The Court writes separately to provide the following clarifications and modifications.

9

The first public-interest factor is the "speed with which a case can come to trial and be resolved." *Garrett v. Hanson*, 429 F.Supp.3d 311, 319 (E.D. Tex. 2019) (quoting *In re Genentech*, 566 F.3d at 1347). "Generally, this factor favors a district that can bring a case to trial faster." *Ho Keung Tse v. Blockbuster, LLC*, No. 4:12-CV-328, 2013 WL 949844, at *5 (E.D. Tex. Jan. 17, 2013), *report and recommendation adopted*, No. 4:12-CV-328, 2013 WL 942496 (E.D. Tex. Mar. 8, 2013). However, this factor is "the most speculative," and "case-disposition statistics may not always tell the whole story" because "[c]omplex cases . . . need more time for discovery and take longer to get to trial," no matter where they proceed. *Va. Innovation Sci., Inc. v. Amazon.com, Inc.*, No. 4:18-CV-474–477, 2019 WL 3082314, at *32 (E.D. Tex. July 15, 2019).

The parties make no assertion as to this factor. And the Report merely notes that because the Magistrate Judge is "unaware of any [administrative] difficulties that would arise from transferring or retaining th[e] case," the factor is neutral. (Dkt. #29 at 8 (alterations in original) (internal citation omitted) (citing *Potter v. Cardinal Health 200, LLC.*, No. 2:19-CV-00007, 2019 WL 2150923, at *5)).

The analysis of this factor must engage with certain key facts. Specifically, according to the June 2021 Federal Court Management Statistics report, the median time from filing of a civil case to its disposition in the Eastern District of Texas is 8.1 months, and the median time from filing to trial is 20.4 months.[2] In the Central

---

[2] UNITED STATES COURTS, *U.S. District Courts—Federal Court Management Statistics—Profiles—During the 12-Month Periods Ending June 30, 2016 Through 2021*, available at https://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0630.2021.pdf (last accessed Oct. 20, 2021).

10

District of California, those median times are 4.9 months and 20.8 months, respectively.[3] For this reason, the first public-interest factor—court congestion—weighs only slightly in favor of transfer.

**D. Public-Interest Factor Two: Deciding Local Interests at Home**

The Court agrees with the Magistrate Judge that public-interest factor two, deciding local interests at home, weighs in favor of transfer. The Court writes separately to provide the following clarifications.

"There is little doubt" that a district "has a local interest in the disposition of any case involving a resident corporate party." *Seven Networks*, 2018 WL 4026760, at *14. A corporation is a resident in the district that is home to its principal place of business. *Id.* (citing *In re BigCommerce, Inc.*, 890 F.3d 978, 985 (Fed. Cir. 2018)). A defendant entity is also a resident of "any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2).

Here, Experian, an Ohio corporation, has its principal place of business in Costa Mesa, California, (Dkt. #4 at 2), which is within the Central District of California. Experian has admitted that venue is proper in the Eastern District of Texas, that it is registered to do business and does business in Texas, and that its consumer contact center is located in Allen, Texas, (Dkt. #4 at 2), which is within the Eastern District of Texas. Experian is thus a resident of both the present district and the proposed transferee district.

---

[3] *Id.*

Contrary to the Report's assertion that the present forum has no meaningful ties to the controversy, (Dkt. #29 at 8), the Eastern District of Texas is home to Experian's consumer contact center and thus has some local interest in having this localized interest decided here. However, because Experian's North American *headquarters* are in Costa Mesa, California, (Dkt. #16-1 at 1), the Central District of California has a stronger local interest in deciding this case. Public-interest factor two thus weighs in favor of transfer.

### E. Public-Interest Factor Three: Familiarity of the Forum with the Governing Law of the Case

The Court agrees with the Magistrate Judge that public-interest factor three, familiarity of the forum with the governing law of the case, is neutral. The Court writes separately to provide the following clarifications.

The sole cause of action in this suit is under the federal Fair Credit Reporting Act. No state-law claims have been raised. Both the Eastern District of Texas and the Central District of California are competent to resolve federal fair credit reporting disputes. *See, e.g.*, *Odom v. Microsoft Corp.*, 596 F.Supp.2d 995, 1004 (E.D. Tex. 2009) ("[Public-interest factor three] is neutral when the predominant issues in the case involve federal law, or when the foreign law to be applied is not particularly complicated.").

Here, Adams alleges, and the Report cites, merely that while both forums are familiar with the relevant law, "the Central District of California, as the district within which Experian's North American headquarters is located, has adjudicated more cases involving defendant Experian." (Dkt. #16 at 9; Dkt. #29 at 9). The number

12

of cases the proposed transferee district has adjudicated involving Experian is irrelevant. Because the predominant issue in this case involves federal law, the present district and the proposed transferee district are both competent to resolve the dispute. Thus, this factor is neutral.

## IV. CONCLUSION

The Magistrate Judge concluded that five of the eight private- and public-interest factors weigh in favor of transfer and that three of those factors are neutral. The Court concludes that three factors weigh in favor of transfer, three weigh only slightly in favor of transfer, and two are neutral. A motion to transfer venue should be granted if the moving party shows that one venue is "clearly more convenient" than the other. *Genentech*, 566 F.3d at 1342. The Court, having considered the facts and law, concludes that the Central District of California is the clearly more convenient venue to resolve this action than the Eastern District of Texas. Adams's Motion to Transfer Venue to the Southern Division of the Central District of California, (Dkt. #16), is therefore **GRANTED**. The Clerk is directed to transfer this case to the Central District of California.

**So ORDERED and SIGNED this 20th day of October, 2021.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE